# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KURT ALEXANDER, | Case No. 2:19-cv-01759-RFB-DJA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| TEAMSTERS LOCAL 986, ET AL., | |
| Defendants. | |

This matter is before the Court on Plaintiff Kurt Alexander's failure to comply with multiple Court orders. On October 29, 2019, the Court denied Defendants' Proposed Discovery Plan and Scheduling Order due to its failure to comply with Local Rule 26-1(a), which provides that "the parties must submit a stipulated discovery plan and scheduling order." Defendants noted that all attempts to contact Plaintiff had been unsuccessful. So, the Court ordered the parties to meet and confer and submit a stipulated discovery plan and scheduling order within 14 days (ECF No. 14). Plaintiff failed to comply.

Indeed, Plaintiff again ignored all of Defendants attempts to meet and confer regarding a proposed discovery plan and scheduling order. As a result, Defendants requested a status conference with the Court. (ECF No. 16). The Court granted their request and ordered Plaintiff to appear in person for the hearing on November 25, 2019. (ECF No. 20). Plaintiff failed to comply. (ECF No. 21).

In response to Plaintiff's failure to appear at the hearing on Defendants' Joint motion for Status Conference re Discovery Plan and Scheduling Order that was held on November 25, 2019,

at 2:30 p.m., the Court ordered Plaintiff to show cause, in writing, why he should not be sanctioned for his failure to comply with the Court's order (ECF No. 20) requiring him to attend the hearing. (ECF No. 22). He failed to file a written response as required.

In addition, the Court ordered Plaintiff to appear for a show cause hearing on December 12, 2019 and he failed to do so. The Court warned Plaintiff that his failure to file a show cause brief and/or to appear at the show cause hearing will result in the imposition of sanctions under Local Rule IA 11-8 and/or Rule 16(f) of the Federal Rules of Civil Procedure. Those sanctions may include a recommendation that this case be dismissed. (ECF No. 22).

The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. The rules provide several mechanisms whereby courts can accomplish this goal through the use of sanctions against a party that fails to comply with the Federal Rules or unnecessarily multiplies the proceedings. Rule 16(f) specifically provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or pretrial conference; (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling order or other pretrial order." Potential sanctions under Rule 37(b)(2)(A)(ii)-(vii) include dismissal. *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

Dismissal for failure to obey a court order is a harsh penalty and should only be imposed in extreme circumstances. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Courts weigh the following five factors when determining whether to dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1226 (internal citations and quotations omitted). "These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do." *Id.* (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Although preferred, it is not required

that the district court make explicit findings to show that it has considered these factors. *Id*. A dismissal sanction will only be overturned if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Id*. (internal citations and quotations omitted).

### 1. Expeditious Resolution of Litigation

"Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1227. Here, Plaintiff has failed to comply with Court Orders ECF No. 14, 20, and 22. The Court has been patient in order to permit Plaintiff with every opportunity to proceed with discovery in this case. The failure to do so is inconsistent with the Federal Rules directive to "secure a just, speedy, and inexpensive" determination.

### 2. Court's Need to Manage Its Docket

It has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted). As the Supreme Court has held, the sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639, 642 (1976). Plaintiff has been given every opportunity to proceed in this matter, but he has failed to do so. The failure to comply with the Court's orders has made it impossible for this case to move forward and for the Court to effectively manage its docket.

### 3. Risk of Prejudice to the Defendant

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Thoeren*, 913 F.2d at 1413.

The failure to move this case forward by complying with the Court's orders is prejudicial to the defendants in this action.

### 4. Public Policy

"[T]he public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1228 (citation omitted). Nevertheless, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction." *Id*. Because a plaintiff is responsible moving a case forward, his conduct in causing delay and thwarting progress supports dismissal.

### 5. Less Drastic Sanctions

The Court must consider the adequacy of less drastic sanctions before imposing dismissal. *Malone*, 833 F.2d at 131 (citation omitted). Three questions facilitate this analysis: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. *Id*. at 132. Less drastic sanctions would not be effective in this case as Plaintiff has failed to comply with multiple Court orders and is refusing to participate in discovery. The Court has provided Plaintiff with every opportunity to avoid dismissal. Plaintiff was specifically warned that the failure to comply with the Court's Order to Show Cause (ECF No. 22) would result in a recommendation that the case be dismissed. At this point, the undersigned can only surmise that Plaintiff has abandoned his claims and has no intention of moving forward.

IT IS THEREFORE RECOMMENDED that Plaintiff's case be DISMISSED.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection

may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 12, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE